IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL K. MATTOX,

                    Plaintiff,

          v.                          CASE NO.  07-3319-SAC

SECRETARY OF CORRECTIONS
ROGER WERHOLTZ, et al.,

                    Defendants.

                    O R D E R

          This civil rights complaint was filed by an inmate of the
Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF).
Plaintiff names as defendants Roger Werholtz, Secretary of
Corrections for the State of Kansas; and COII Hopkins.  Plaintiff
has also filed an Application to Proceed Without Prepayment of Fees
(Doc. 2).

          As the factual basis for his complaint, Mr. Mattox alleges
that on July 30, 2007, defendant COII Hopkins "used excessive
force" trying to break (his) arm on a metal door," leaving a mark
on his arm.  He alleges defendant Werholtz "did not discipline COII
Hopkins for his actions."  He asserts his right under the Eighth
Amendment to be free of cruel and unusual punishment, including
excessive force, was violated.  Plaintiff seeks one billion dollars
for pain and suffering and one billion dollars for mental anguish.

          Plaintiff alleges he has filed administrative grievances,
which were denied.  His exhibits include a grievance he filed on

July 30, 2007, claiming defendant Hopkins tried to break his right arm upon returning him to his cell after a segregation hearing. In his grievance, he sought nine billion dollars and release from prison. Administrative responses also provided by plaintiff indicate a "Use of Force report" showed plaintiff was non-compliant with staff directives at the time of the incident, kept grabbing at staff's hands while they attempted to remove his restraints, and a minimum amount of force was used to counteract his aggression toward staff. The responses further provide that nursing staff assessed plaintiff's arm after the incident and found he received only superficial marks.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Under the Prison Litigation Reform Act, a prisoner litigant is required to pay the full filing fee for a civil action filed by him. Where insufficient funds exist for initial payment of the full filing fee, the court is directed to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. § 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay an initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4).

Having considered plaintiff's Inmate Account Statement, the court finds no initial partial filing fee may be imposed at this

time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis.  However, plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, and payments are to be collected from his inmate trust fund account when funds become available as provided in 28 U.S.C. § 1915(b)(2)[1].

The Finance Office of the Facility where plaintiff is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.


**SCREENING**

Because Mr. Mattox is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all

---

[1]    The court notes that Mr. Mattox has simultaneously filed three other lawsuits, and advises him that he will be obligated to pay the filing fee of $350.00 in each case he has filed.

materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10 Cir. 1991). Nevertheless, the court cannot assume the role of advocate for the pro se litigant, and a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based. Id. (Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## FAILURE TO ALLEGE PERSONAL PARTICIPATION BY DEFENDANT WERHOLTZ

In order for a particular defendant to be held liable for money damages in a civil rights action, plaintiff must allege facts showing the individual's personal participation in the allegedly

4

unconstitutional acts upon which the complaint is based. Plaintiff's action is based upon alleged excessive force by defendant Hopkins alone.  Secretary Werholtz is not alleged to have participated in any fashion, and his supervisory position is not a sufficient basis for liability.  Consequently, this action must be dismissed against defendant Werholtz unless plaintiff supplements his complaint with factual allegations describing how Werholtz actually participated.  Plaintiff's allegation that Werholtz "condoned the actions of his Officer COII Hopkins" is supported by no facts whatsoever.

## FAILURE TO ALLEGE AN EIGHTH AMENDMENT CLAIM

In addition, Mr. Mattox does not allege sufficient facts to state a claim of use of excessive force amounting to cruel and unusual punishment.  An assault by a jailer on his prisoner can give rise to an action under Section 1983.  Collins v. Hladky, 603 F.2d 824 (10th Cir. 1979).  However, assuming the truth of plaintiff's factual allegations in his complaint, that defendant Hopkins used force during an incident which resulted in a mark or bruise on plaintiff's arm, those facts are not sufficient to state a claim of federal constitutional violation[2].  Not every isolated battery or injury to an inmate amounts to a federal constitutional violation.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992)(Not

---

[2]     If the basis for plaintiff's claim is nothing more than a single incident of battery without serious injury, he would be well-advised to immediately file a complaint in state court.  On these facts, it should be much easier to prove battery in state court than to prove a federal constitutional violation in federal court.

"every malevolent touch by a prison guard gives rise to a federal cause of action."); <u>Smith v. Iron County</u>, 692 F.2d 685 (10th Cir. 1982)(A prison guard's use of force against a prisoner is not always a constitutional violation.); <u>El'Amin v. Pearce</u>, 750 F.2d 829, 831 (10th Cir. 1984)(While an assault by a jailer on his prisoner can give rise to an action under section 1983, a jailer's use of force against a prisoner is not always a constitutional violation.); <u>see</u> <u>also</u> <u>George v. Evans</u>, 633 F.2d 413, 416 (5th Cir. 1980)("A single unauthorized assault by a guard does not constitute cruel and unusual punishment.").  Courts have repeatedly quoted Judge Friendly's opinion in <u>Johnson v. Glick</u>:

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.

<u>Johnson v. Glick</u>, 481 F2.d 1029 , 1033 (2d Cir.), <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u> <u>Employee-Officer John v. Johnson</u>, 414 U.S. 1033 (1973); <u>Suits</u> <u>v. Lynch</u>, 473 F.Supp. 38, 40 (D.Kan. 1977).  As the United States Supreme Court held in <u>Baker v. McCollan</u>:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.  Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.

<u>Baker</u>, 443 U.S. at 146.

Court's generally analyze a prisoner's claim of excessive force under the Eighth Amendment's cruel and unusual punishment

clause[3].  The United States Supreme Court found that in considering
claims of excessive force brought by convicted prisoners, a court
must apply the standard set forth in <u>Whitley v. Albers</u>, 475 U.S.
312 (1986), namely, "whether force was applied in a good-faith
effort to maintain or restore discipline, or maliciously or
sadistically to cause harm." <u>Hudson</u>, 503 U.S. at 7.  In <u>Sampley v.
Ruettgers</u>, 704 F.2d 491 (10th Cir. 1983), the Tenth Circuit Court
of Appeals set forth three factors for courts to include in their
review of excessive force claims.  Under <u>Sampley</u>, the inmate must
demonstrate (1) the guard intended to harm the prisoner; (2) the
guard used more force than reasonably necessary to maintain or
restore institutional order; and (3) the guard's actions caused
severe pain or lasting injury to the prisoner.  <u>Id</u>. at 495.
Considering the facts alleged by Mr. Mattox in his complaint under
the standards enunciated in <u>Hudson</u> and <u>Sampley</u>, the court finds
insufficient facts are alleged to show that defendant Hopkins
actually intended to cause harm.  Plaintiff's conclusory allegation
that defendant Hopkins tried to break his arm is not supported by
any descriptive facts or circumstances.  Furthermore, plaintiff
alleges no facts from which it can be determined whether or not

---

[3]      The Eighth Amendment, which is specifically concerned with the
unnecessary and wanton infliction of pain in penal institutions, serves as the
primary source of substantive protection to convicted prisoners in cases such as
this one, where the deliberate use of force is challenged as excessive and
unjustified. <u>Rochin v. California</u>, 342 U.S. 165, 172, 173 (1952).  The Eighth
Amendment is applicable to the states through the Fourteenth amendment's due
process clause, and proscribes the infliction of cruel and unusual punishment.
Some claims have been asserted as a violation of due process; however, the
Supreme Court has stated that the due process clause affords no greater
protection than does the Cruel and Unusual Punishment Clause. <u>Whitley</u>, 475 U.S.
at 327.

"force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Cf. Whitley, 475 U.S. at 320-321; Sampley, 704 F.2d at 494-496[4]. In order for plaintiff to elevate his allegations, which appear at most to describe an isolated battery, to a federal constitutional violation cognizable in federal court, he must provide additional facts that support a constitutional claim of excessive force.

Plaintiff will be given time to cure the deficiencies in his complaint discussed herein by submitting a "Supplement to Complaint" containing additional facts showing personal participation by defendant Werholtz and to support a claim of federal constitutional violation in accord with the foregoing Order. If he fails to submit a "Supplement to Complaint" within

---

[4]     In Sampley, the Tenth Circuit instructed:

A prison guard's use of force against an inmate is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976).  We think that this standard imposes three requirements for an inmate to state a cause of action under the eighth amendment and section 1983 for an attack by a prison guard.  First, "wanton" requires that the guard have intended to harm the inmate.  Second, "unnecessary" requires the force used to have been more than appeared reasonably necessary at the time of the use of force to maintain or restore discipline. Third, "pain" means more than momentary discomfort; the attack must have resulted in either severe pain or a lasting injury.  In applying this test, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.  Johnson, 481 F.2d at 1033.
                              * * *
A court should also bear in mind that a prison guard, to maintain control of inmates, must often make instantaneous, on-the-spot decisions concerning the need to apply force without having to second-guess himself.  See Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974).

Sampley, 704 F.2d. at 494-96.

the time allotted by the court, this action may be dismissed without prejudice with no further notice.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file a "Supplement to Complaint" stating additional facts showing personal participation by defendant Werholtz and additional facts sufficient to support a federal constitutional claim.

The Clerk is directed to transmit a copy of this Order to the finance officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 9th day of January, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge